MARY E. SWINGLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Swingler v. Commissioner
Docket No. 29165-89
United States Tax Court
T.C. Memo 1991-158; 1991 Tax Ct. Memo LEXIS 177; 61 T.C.M. (CCH) 2375; T.C.M. (RIA) 91158; April 9, 1991, Filed *177 An appropriate order and decision will be entered for the respondent. Mary E. Swingler, pro se. Thomas C. Pliske and James A. Kutten, for the respondent. COLVIN, Judge. COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION This case is before the Court on respondent's motion to dismiss for failure to properly prosecute. Respondent made this motion at the time set for trial, after petitioner failed to appear. We grant respondent's motion. Respondent determined a deficiency in petitioner's Federal income tax for taxable year 1985 in the amount of $ 44,546.80. In addition, respondent determined additions to tax for 1985 under section 6653(a)(1) in the amount of $ 2,227.34; section 6653(a)(2) in the amount of 50 percent of the interest due on $ 44,546.80; and section 6661 in the amount of $ 11,136.70. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the taxable year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Issues Raised by the Pleadings
The issues raised by the pleadings are: 1. Whether respondent's determination of a deficiency for 1985 is correct; 2. Whether petitioner *178 had unused capital loss carryforward; 3. Whether petitioner is liable for additions to tax for negligence under section 6653(a)(1) and (2) and for substantial understatement of income tax under section 6661. FINDINGS OF FACT Petitioner was a resident of St. Louis, Missouri, when she filed her petition in this case.
1. Petitioner's Prior Case
We begin by summarizing petitioner's case before this Court for tax year 1984, which was dismissed by opinion filed August 14, 1990. . Petitioner's conduct in that case has many similarities with her conduct here. In that case, petitioner failed to follow the Tax Court Rules of Practice and Procedure and orders of this Court. Petitioner prevented the parties from stipulating as required by the Court Rules and as set forth in the standing pretrial order and failed to file a trial memorandum as required by the standing pretrial order. That case was called for trial on March 12, 1990. Petitioner failed to appear, and no authorized representative appeared on her behalf. Instead, Mr. Harvey F. Euge, who described himself as a friend of petitioner *179 and the person who prepared her 1984 return, appeared on her behalf. On her behalf, Mr. Euge filed a motion to substitute himself as the party in her case. The Court denied that motion. He also filed on her behalf "Petitioner's Verified Motion to Abate the Deficiencies." The Court denied that motion. Mr. Euge also brought petitioner's trial memorandum to court. However, the Court did not accept it because it was late. , T.C.M. (RIA) P90437 at 2125. Petitioner also failed to comply with discovery rules in that case. We dismissed her earlier case for failure to properly prosecute and violation of discovery rules. We required petitioner to pay a penalty of $ 1,000 to the United States under section 6673 because she instituted the proceeding primarily for purposes of delay and unreasonably failed to pursue available administrative remedies. In her previous case petitioner filed a motion two days after the trial date stating that she was prevented from attending trial because of long-standing heart, bladder, and other medical problems. , 59 P-H Memo T.C. at 2125.
*180 2. Petitioner's Current Case
As stated, there are numerous similarities in petitioner's conduct in the prior and current cases. As in the prior case, respondent tried repeatedly to deal with petitioner at the administrative level, but petitioner refused. Attached to respondent's motion to dismiss is a chronology detailing petitioner's total lack of cooperation. Petitioner was served on August 31, 1990, with the Court's notice setting this case for trial. This notice prominently states in capital letters that "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU." On September 19, 1990, respondent served on petitioner requests for admissions, production of documents and to answer interrogatories. On October 24, 1990, petitioner filed a motion for continuance which the Court denied. On November 13, 1990, respondent filed motions to compel production of documents and answers to the interrogatories. The Court granted the motion, ordering petitioner to comply with the requests or to file any good faith objections to any specific interrogatory or document request. Petitioner filed objections, including objections that respondent's *181 requests were repetitive, duplicative, and redundant; that respondent already had the information; that some of the questions were irrelevant and unimportant. Petitioner also questioned the ethics and motives of respondent's counsel, and said she would only stipulate to her name, address, Social Security number, that she filed a timely return for 1984 and 1985 reflecting no tax liability, and that she reported all of her taxable income. This response from petitioner is far from a good faith objection to specific requests from respondent. The calendar for the St. Louis trial session was called on Monday, February 4, 1991. Petitioner appeared at the calendar call, and requested that the case be set for any afternoon during the session. Trial was set for Tuesday, February 5, 1991, at 2 p.m. As in the prior case, petitioner again prevented the parties from stipulating as required by the Court Rules and as set forth in the standing pretrial order. She also failed to file a trial memorandum as required by the standing pretrial order. On Tuesday morning, February 5, Mr. Euge telephoned the Court to say petitioner was having health problems. However, when the Court asked for the *182 name of her physician, the Court was advised that her illness did not require the services of a physician because petitioner already had a prescription for the problem. As in the prior case, when the case was called for trial, neither petitioner nor an authorized representative appeared on her behalf. However, as in the prior case, Harvey F. Euge delivered some motions for her. One of the motions was to substitute Mr. Euge for petitioner as the party in the case. Also, as before, another motion was "Petitioner's Verified Motion to Abate the Purported Deficiencies." Attached to it were letters from petitioner's doctor dated March 14, 1990, and May 23, 1990, apparently prepared for her prior case. The letter states she "may" have been too ill to attend trial in the prior case. Mr. Euge said her health problems were continuing, including bladder problems. However, we are not convinced that her absence was excused by her medical problems. As in the prior case, the Court has denied both motions. A third document delivered by Mr. Euge was entitled, "Petitioner's Motion to Clarify the Record." It gives her disagreement with some statements made by respondent's counsel. Mr. Euge *183 brought no trial memorandum on behalf of petitioner. OPINION Failure to Properly Prosecute
Rule 123(b) provides, "For failure of a petitioner properly to prosecute * * * or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner." Dismissal of a case is a sanction resting in the discretion of the trial court. . A taxpayer's failure to proceed as required by the Court's Rules, unexcused failure to appear at a trial, and failure to participate in any meaningful way in the resolution of the case can result in a dismissal of the action against him for failure to prosecute properly. , affg. per curiam an order of this Court; , affg. an order of this Court; , affg. an order of this Court; , affg. an order of this Court; ; *184 , affd. without published opinion ; , affd. ; . As in petitioner's previous case, this is a substantiation case. Respondent's determinations are presumed to be correct and petitioner bears the burden of proof as to all issues relating to the notice of deficiency in this case. ; Rule 142(a). As we stated in petitioner's earlier case, We are reluctant to dismiss any case based upon the misconduct or failure of a party, acting pro se, to comply with orders of the Court. We are particularly unhappy to have to do so here in view of petitioner's age. The record, however, leaves no doubt that petitioner was advised of her obligation to cooperate with respondent in preparing for trial of this case, to comply with the Court's Rules, and to obey the Court's orders, and that she was warned of the consequences of her failure to do so. By her stubborn *185 and unjustifiable conduct, she has shown no interest in meaningful prosecution of this case, and, in fairness, respondent is entitled to have an end to it. Accordingly, we find petitioner in default pursuant to Rule 123(a) and dismiss this case pursuant to Rules 104(c)(3) and 123(b).
, 59 P-H Memo T.C. at 2128. Unfortunately, it appears that petitioner has failed to learn from her earlier case. Petitioner knew or certainly should have known of her obligations regarding her case. She has shown no interest in meaningful prosecution of this case. In addition, we are not persuaded that her absence at trial was excusable. We find that petitioner's conduct in this case was knowingly and willfully in violation of the Court's Rules and orders. She failed to reasonably cooperate with respondent before trial; she failed to stipulate; she did not submit a trial memorandum. Although she filed a pretrial objection to discovery sought by respondent in keeping with a pretrial order of this Court, this act is hardly enough to overcome her other conduct here. Accordingly, we dismiss *186 this case under Rule 123(b). To reflect the foregoing, An appropriate order and decision will be entered for the respondent.